# 7459

------------------------------------------------

| | | |
|---|---|---|
| ED MULLING | : | No. 7459, |
| vs | : | |
| CLARA JONES, et als. | : | COURT OF APPEAL |

7459

O P I N I O N

Max Dinkelspiel, Judge.

--------------------

The salient facts in this case substantially are as follows:

Mrs. Agnes Maloney, wife of Frank Leland, and Mrs. Adele Maloney, divorced wife of Henry Miller Hoyle, living in Biloxi, in the State of Mississippi, pressed on all sides by creditors, through their counsel at the time, Mr. Louis Goldman of Biloxi, arranged with their creditors, through Ed. Mulling, by confessing judgment, to stay demands. This confession of judgment was for the sum of $5314.67, and the confession was sent to this state and to this city for execution, and judgment on the confession was rendered against both of these ladies in the full sum prayed for, with legal interest from January 10, 1912 until paid, and costs of suit. The judgment was rendered and signed in open court on the 28th day of May, 1912.

The evidence presents the testimony of Mr. Goldman, which bears out, without a doubt, the facts heretofore stated, and a rule was taken by the defendants, setting out, amongst other allegations, that the judgment was against them as married women, without the authorization of their husbands, and therefore null and void upon its face; and there were other reasons assigned not necessary to be mentioned in this opinion.

The judge who tried this case in the lower court having refused to vacate his judgment, an appeal was taken to our Supreme Court, and it was held by that tribunal that the judge erred; that under the laws of this state a married woman could not be sued without the authorization either of her husband

256

or of the judge, and that was not shown, hence the judgment was sent back to the court a quo.

Subsequently payments were made, through sales of property and otherwise, to the extent of $4035.80, and after these payments had been made an injunction was applied for, and the allegations of the petition, amongst other things, stated:

1. That one of the defendants in the original suit, "Clara Jones", was a fictitious person, never having had any actual existence.

2. That under a pretended confession of judgment, a decree had been entered against petitioners, and a writ of execution had been issued, under which certain property belonging to petitioners had been seized and advertised for sale on the 19th day of July, 1917, by the Civil Sheriff for the Parish of Orleans; and that said pretended confession of judgment imported no legal liability against petitioners, because not only defective and illegal in substance and form, but the court was without jurisdiction ratione personae to proceed in the manner and form set out, petitioners being residents and domiciled in the State of Mississippi prior to and continuously since the date of said "confession of judgment" and the judgment rendered herein.

3. That petitioners had just received knowledge of this suit and the judgment rendered, and had never heard of the plaintiff, Ed. Mulling, and had never had any dealings with him whatsoever, and believed and alleged that like the said Clara Jones he is a fictitious person without any actual existence at all.

4.      That while the document sued upon bore the signature of petitioners in their maiden names, in truth and in fact they were married at the time and were living with their husbands in the State of Mississippi, but that the same was not acknowledged by them before any notary public, as is therein set out; that the entire document was signed by them in the State of Mississippi and City of Biloxi, in total misapprehension of its true import, and with a view indicated to them that it was a matter for the protection of their interests, and trusting to the truthfulness of said statements they signed same, but had never had any knowledge of the true situations therein set out nor were they/ever aware that they were confessing judgment in favor of any such person named or designated as Ed. Mulling.

5.      That as will appear from the said document, it is made to appear that a suit was then pending in the Civil District Court for the Parish of Orleans, when in truth and fact no such proceeding had ever been filed until several days after said confession of judgment had been obtained; that the docket entry and fictitious title of the suit constituted a fraud, not only upon petitioners but upon the court, in the use of fictitious persons or names much less as a matter to conceal the existence of legal proceedings from the actual litigants therein concerned.

6.      That since the issuance of the writ of execution and the seizure of petitioners' property under the judgment herein, a curator ad hoc had

been appointed by the Honorable Court to represent petitioners, but no attempt had been made to locate them.

7. That the entire litigation involved herein was a scheme perpetrated by unknown parties to further the use of their own selfish ends, and neither were any alleged subrogations, notes or evidences of indebtedness filed as part of said petition, as is alleged therein.

8. Petitioners further represented that by virtue of said writ of execution, the Civil Sheriff of the Parish of Orleans had seized and advertised for sale the interests of petitioners valued at the sum of $3,000.00, in and to the following described real estate. (Then follows the description of the property).

9. Petitioners further represented that unless the said seizure and sale of said aforesaid property was enjoined by writs of injunction, the said Civil Sheriff of the Parish of Orleans would proceed to sell all their rights, title and interest in same, and it would thereby work irreparable injury to petitioners, and in consequence petitioners were entitled to the process of the court to arrest said seizure and sale.

Wherefore they prayed, having sworn to the petition, that Ed. Mulling and the Civil Sheriff be cited to appear, and after due proceedings had there be judgment in favor of petitioners and against Mulling, annulling the judgment herein rendered and signed by the Honorable Court on May 28, 1912, vacating and annulling all of the

proceedings had thereunder, and more particularly the writ of execution and seizure of the interests of petitioners in the aforesaid real estate; that writs of injunction issue herein upon security being furnished in the amount, with surety and with the conditions required by law, enjoining the seizure and sale of the interests of petitioners in the aforesaid real estate by the Civil Sheriff, and that said writs be perpetuated, and for general relief.

This petition was sworn to by Paul W. Maloney, the attorney.

To this petition a plea of estoppel was filed, which, among other things, alleged that the judgment rendered in this case against the two plaintiffs in injunction and defendants in the original suit, towit, Mrs. Agnes Maloney, wife of Frank Leland, and Mrs. Adele Maloney, divorced wife of Henry Miller Hoyle, had been recognized, acquiesced in and partially satisfied by payments made on account of said judgment, from time to time, towit, August 20, 1914, $1,038.80; April 1st. 1915, $438.16; and by other credits made on account of the interest which said judgment bore. Therefore respondent prayed that the plea of estoppel be maintained, and that plaintiffs - naming them - be denied the petition of injunction, and that the suit be dismissed at their cost.

The matter was heard and disposed of by a denial of the injunction prayed for, and, amongst other things in evidence in that case, there was introduced the laws of the State of Mississippi, which substantially proved that married woman in that state had all the rights of femmes sole, amongst other rights being the right to confess judgment, and do any other act the same as any other party.

A supplemental petition was filed, claiming that counsel had discovered, since withdrawing the record, that the sheriff had been instructed to credit the writ with three payments heretofore alluded to, one being for $2041.45, having been paid on August 20, 1914, another, no date, for $1994.35, and another on April 1, 1915 for $438.16, making a total of $4473.96; alleging further, according to the allegations of the supplemental petition, that $4035.80 was collected on August 20, 1913; making a total of $8509.76. Contending this, it was proven that the counsel for the original plaintiff, Mulling, had gone into the sheriff's office and in a pencil memorandum had ordered the sheriff to credit defendants in execution for the full amount of the actual payments, which the check presented in this record showed were the only payments made in this case, and the judge a quo finally, in rendering judgment in this case credited the $5314.67, the judgment originally granted, by credits which in toto amounted to the exact amount of the payments made. In other words, he credited the defendants with $4035.80, with legal interest from April 20, 1913, and a further credit of $438.16, with legal interest from April 1, 1915, until paid, and all costs. This judgment was rendered on June 4, and signed on June 10, 1918.

There can be no question but what, under the facts and under the law, the judge correctly administered justice in this case.

Article 1846, C. C., under the head of Confession of Judgment, (No. 4) provides:

> "A judicial confession of a debt shall not be avoided by an allegation of error of law, though it may be by showing an error of fact."

And Article 2291 C. C. provides:

> "The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
> "It amounts to full proof against him who has made it.
> "It cannot be divided against him.

"It cannot be revoked, unless it be proved to have been made through an error in fact.
"It cannot be revoked on a pretence of an error in law."

In the case of Catherine E. Randett, et al. v. M. T. Gordy, Sheriff, et al., 32 Ann. p. 904, the syllabus reads:

"A confession of judgment will not be avoided and annulled on account of an error of law."

And at page 908, the court goes on to say:

"A judicial confession of a debt shall not be avoided by an allegation of an error of law, though it may be by showing an error of fact. Was her confession of judgment made in error of law or of fact? In her amended petition she alleges that 'when she signed the confession of judgment' etc., and 'that this error of law and fact was the sole motion that caused her to sign the aforesaid confessed judgment' that 'she did so in ignorance of her rights, and was then induced to believe she was bound by the purchase of the property by her tutor and father.' In her testimony she says 'When I signed the confession of judgment I did it through ignorance; when I signed the confession my motive was that I thought I was bound by the notes signed by my father'. Again she says 'The petition was presented to me by my father for my signature to the confession of judgment. I did not know the full import of the document I signed. I knew it was a confession of judgment.' Thus we have her distinct admissions and acknowledgements that she knew and intended that what she signed was a confession of judgment. We think this formed a judicial confession of a debt contemplated in Article 1846 C. C."

Again, in the 40th Annual, the case of Gaudet v. Gauthreaux, et al., p. 186:

"Our jurisprudence has uniformly recognized and enforced the wise and salutary doctrine which firmly binds a party to his judicial declarations and forbids him from subsequently contradicting his statement thus made." (Quoting numerous authorities).

And at page 189, the court goes on to say:

"The law holds parties to their allegations of record. It does not allow them to play fast and loose, to falsify what they have solemnly declared to be a fact - the truth.
"Such averments are the highest evidence against the party making them. They are not subject to explanation or contradiction ab extra, as a rule; so that what appears to be of record is to be proved thereby only, and nothing conflicting therewith can be admitted." (Quoting authorities).

Again:

"It is a well settled rule in the administration of justice that a party will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding. The only means of courts to protect the integrity of

judicial proceedings are the sanctity which the law throws around them". (And authorities there cited).

Hence, our conclusion is that the allegations of nullity, or fraud, or error, either of fact or of law, have not been proven; and further, that the alleged double-payments, so termed, have fallen short from the truth, and the fact remains that the judgment as rendered, and the credits given by his Honor of the lower court, are the only judgment and credits that these parties are entitled to. The judgment is absolutely correct, and is affirmed.